IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JAMES L. HOLMES**                                                                              **PETITIONER**

v.                                                  **CIVIL ACTION NO.: 1:13cv160-SA-DAS**

**ERNEST LEE**                                                                              **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the pro se petition of James L. Holmes, a Mississippi inmate housed at the Mississippi State Penitentiary, for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244, and Petitioner has responded. For the reasons set forth below, Respondent's motion is granted, and the instant petition will be dismissed with prejudice.

**Facts and Procedural History**

On August 22, 2008, Petitioner James L. Holmes pleaded guilty to manslaughter in the Circuit Court of Lee County, Mississippi, and was sentenced as an habitual offender to serve a term of twenty years in the custody of the Mississippi Department of Corrections. (*See* Respt's Mot., Ex. A). On or about August 11, 2009, Petitioner filed a pro se motion for post-conviction relief in the circuit court, which he later supplemented with a motion to amend and additional post-conviction pleadings. (*See id.*, Ex. B). By Order filed July 29, 2010, the Lee County Circuit Court denied Petitioner's motion for post-conviction relief. (*See id.*, Ex. C). Petitioner appealed, and the Mississippi Supreme Court affirmed the circuit court's ruling. (*See id.*, Ex. D); *see also Holmes v. State*, 97 So. 3d 704 (Miss. Ct. App. 2011), *reh'g denied*, May 15, 2012, *cert. denied*, September 13, 2012. The mandate issued on October 4, 2012. (*See id.*, Ex. E).

1

Petitioner subsequently sought federal habeas relief. Petitioner signed the instant federal habeas petition on August 27, 2013, and it was stamped "filed" in this Court on August 29, 2013.

On October 24, 2013, Respondent filed a motion to dismiss the instant action, arguing that the petition is untimely under 28 U.S.C. § 2244(d). In response to Respondent's motion, Petitioner states that he believed that the one-year limitations deadline began to run against him only when the Mississippi Supreme Court rendered its final decision. Accordingly, he asks the Court to grant his "Motion to Extend Time" (doc. no. 9) and consider the merits of his petition.

**Legal Standard**

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondent's motion should be granted turns on the statue's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

### Analysis

Under Mississippi law, there is no direct appeal from any guilty plea taken after July 1, 2008. *See* Miss. Code Ann. § 99-35-101; *see also Seal v. State*, 38 So. 3d 635 (Miss. Ct. App. 2010). Therefore, Petitioner's conviction became final on August 22, 2008, when he was sentenced on his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) (holding that a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review").[1] Absent statutory or equitable tolling, Petitioner's petition for federal habeas relief was due on or before August 24, 2009, to be deemed timely.[2]

Petitioner filed a motion for post-conviction relief on August 11, 2009. The federal statute of limitations period was tolled for the 1,150 days Petitioner's motion for post-conviction relief was pending in State court (August 11, 2009 to October 4, 2012). Accordingly, Petitioner's federal habeas petition was due on or before October 17, 2012 (August 24, 2009 plus 1,150 days).

Petitioner's federal habeas petition was "filed" sometime between the date it was signed

---

[1] The exceptions in § 2244(d)(1)(B-D) are inapplicable in this case.

[2] August 22, 2009 fell on a Saturday. Therefore, Petitioner's federal habeas petition would have been due on or before the next business day, which was Monday, August 24, 2009.

on August 27, 2013, and the date it was stamped "filed" by this Court on August 29, 2013. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing). As his federal habeas petition was filed almost a year beyond the AEDPA deadline, federal habeas relief is available to Petitioner only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

Petitioner maintains that he is entitled to a tolling of the deadline because he was mistaken about when his decision became final for purposes of the federal statute of limitations. The Court finds that Petitioner's ignorance of the law is an insufficient reason to warrant equitable tolling. *See Felder*, 204 F.3d at 172 and n.10; *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (equitable tolling is not required simply because a petitioner is unfamiliar with the law, is unrepresented, or is illiterate). Rather, equitable tolling is available "if the [petitioner was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted). In this case, there is no reason to conclude that either circumstance is applicable to Petitioner's delay. Therefore, the Court finds equitable tolling is not warranted, and the instant petition must be dismissed as untimely.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Petitioner must obtain a COA before appealing this Court's decision denying federal

habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because Petitioner's petition for writ of habeas corpus is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

The Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to § 2244(d)" (doc. no. 7) and **DISMISSES** with prejudice the petition filed in this cause. For the reasons set forth in this opinion and order, the Court further **ORDERS** that a certificate of appealability be denied, as Petitioner failed to show his petition timely and to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). All pending motions are **DISMISSED AS MOOT**. A separate judgment in accordance with this opinion and order will enter today.

**SO ORDERED** this the 13th day of November, 2013.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**